NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UGOCHUKWU MADUBUIKE : | |
| : | |
| Petitioner, : | Civ. No. 10-cv-6210 (JAP) |
| v. : | |
| UNITED STATES OF AMERICA : | |
| : | **OPINION** |
| Respondent. : | |

PISANO, District Judge.

Ugochukwu Madubuike ("Petitioner"), proceeding *pro se*, has filed a petition seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner seeks a reduction in his sentence based upon his counsel's alleged failure to move at the time of sentencing for a downward departure from the sentencing guidelines based on various factors outlined in the petition. Presently before the Court is a motion by Respondent, United States of America, to dismiss the petition. For the reasons set forth below, the Court finds that Petitioner entered into a valid plea agreement in which he waived his right to petition for the relief he now seeks. Accordingly, Respondent's motion to dismiss is granted.

**I. BACKGROUND**

A. The Offenses and Plea

As detailed in the Superseding Information, between June 2004 and November 2007, Petitioner, then an employee of the New Jersey Division of Youth and Family Services

("DYFS"), was involved a scheme to steal the personal information of New Jersey citizens served by DYFS and then use this information to prepare and file false tax returns. Petitioner received tax refund checks from the Treasury relating to these false tax returns, forged the signatures of the individuals in whose name he filed the return, and deposited them in various bank accounts controlled by him and a co-conspirator.

On April 7, 2010 Petitioner pleaded guilty to the Superseding Information charging him with the following: mail fraud, in violation of 18 U.S.C. § 1341 (Count One); conspiracy to pass, utter and publish as true United States Treasury checks bearing falsely made and forged endorsements, contrary to 18 U.S.C. § 510(a)(2), in violation of 18 U.S.C. § 371 (Count Two); making false claims against the United States Treasury in violation of 18 U.S.C. § 287 (Count Three); and a forfeiture count ordering the forfeiture of four bank accounts containing a total of $54,178.07, pursuant to 18 U.S.C. § 982(a)(2)(B). R. Ex. 3.

As part of Petitioner's plea agreement (the "Plea Agreement"), with respect to sentencing, the parties agreed not to argue for any departures or variances not otherwise contained in the agreement. R. Ex. 4. Paragraph 1 of Schedule A to the Plea Agreement specifically stated:

> This Office and UGOCHUKWU H. MADUBUIKE nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence UGOCHUKWU H. MADUBUIKE within the Guideline range that results from the total Guidelines offense level set forth below. This office and UGOCHUKWU H. MADUBUIKE further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

R. Ex. 4, Sched. A, ¶ 1.

The Plea Agreement set forth the stipulated offense level calculation, concluding that the "agreed total Guidelines offense level" was 22. R. Ex. 4 at 9, ¶19. Paragraph 20 of the Plea Agreement provided:

> The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 22 is reasonable.

R. Ex. 4 at 9, ¶ 20.  Thus, the Plea Agreement barred Petitioner from arguing for a downward variance or departure from the agreed total Guidelines offense level.

The Plea Agreement further contained a waiver of Petitioner right to appeal or collaterally attack his sentence.  R. Ex. 4 at 9, ¶ 21.  Paragraph 21 of Schedule A provided:

> UGOCHUKWU H. MADUBUIKE knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22.

R. Ex. 4 at 9, ¶ 21.

Thus, the Plea Agreement, contains an express waiver of Petitioner's right to file any Section 2255 application if the Court sentenced him consistent with the agreed upon offense level of 22.  The Court sentenced Petitioner to 41 months' imprisonment, which is the low end of stipulated the Guidelines range that resulted from offense level 22.  Petitioner was also sentenced to two years' supervised release and a $7,500 fine, and Petitioner entered a consent order imposing restitution in the amount of $619,909.39

B.  The § 2255 Petition

On November 29, 2010, Petitioner filed the instant a petition for § 2255 relief seeking a "reduction in the length of sentence" and supervised release.  Petition at 14.  The basis Petitioner provides for the relief he seeks is his allegation that his attorney failed "to raise arguments during sentencing on some mitigating factors that could have procured some downward departures for [Petitioner], if considered by the judge." *Id.* at 5.  Petitioner argues that his attorney rendered ineffective assistance of counsel because counsel did not move at the time of sentencing for

3

Guidelines departures based on (1) Petitioner losing his job at DYFS and his unsuccessful attempts to gain employment; (2) Petitioner financially supported his family in Nigeria while his parents were ill, thus, the motive for his crime was not greed; (3) Petitioner's allegation that no victims "suffer[ed] any financial damage"; (3) Petitioner's wish to return to the MBA program in which he was enrolled at the time of his arrest;  (4) the allegedly poor conditions of his confinement while at Monmouth County Correctional Facility; and (5) Petitioner's assertion that he demonstrated exceptional remorse for his crime.

On December 1, 2010, the court entered an order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), advising Petitioner that if he proceeded with the instant application, any subsequent pleading would require leave of the Court of Appeals for the Third Circuit.  Docket Entry No. 2.  Petitioner responded by letter dated December 4, 2010 advising that he wished to proceed with his § 2255 petition as filed.  Docket Entry No. 3.

Respondent moves to dismiss the instant Petition, arguing that the Petitioner waived his right to bring the instant § 2255 petition in his Plea Agreement.  Alternatively, Respondent argues that the Petition should be denied on the merits.

## II.  ANALYSIS

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  A court will grant relief under this section only under "exceptional circumstances."  *See Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).   The petitioner must establish that the sentence suffers from "a fundamental

defect" causing "a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Morelli v. United States*, 285 F. Supp. 2d 454, 459 (D.N.J. 2003) (relying on *United States v. DeLuca,* 889 F.2d 503, 506 (3d Cir.1989)).

Here, however, Petitioner's Plea Agreement contains an express waiver of his right to file a § 2255 petition. As such, the court must determine whether the waiver is enforceable. The Third Circuit has held that an appellate waiver is enforceable if it is done knowingly and voluntarily and enforcement of such waiver would not result in a miscarriage of justice. *U.S. v. Khattak*, 273 F.3d 557, 558, 562 (3d Cir. 2001). Further, such waivers are to be strictly construed. *Id.* Within this circuit, many district courts have found waivers of the right to file a § 2255 petition to be valid and enforceable under the *Khattak* standard. *See*, *e.g.*, *Akinmola v. United States*, 2012 WL 1161513 (D.N.J. April 09, 2012) (granting motion to dismiss § 2255 petition where waiver provision expressly prohibits Petitioner from filing a motion under § 2255 challenging the "sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 18 (for Count One) plus 24 months' consecutive imprisonment (for Count Two)."); *Smith v. United States*, 2011 WL 2671515 (D.N.J. July 08, 2011) (granting motion to dismiss § 2255 petition based upon express waiver in plea agreement); *Giblin v. United States*, 2010 WL 3039992 (D.N.J. August 03, 2010) (finding waiver enforceable).

Applying the *Khattack* test, the Court first examines whether Petitioner's waiver was knowing and voluntary. The Third Circuit has noted that, in determining whether a waiver is "knowing and voluntary," the role of the sentencing judge in conducting the colloquy under Federal Rule of Criminal Procedure 11 is critical. *Id.* at 563. Under Federal Rule of Criminal Procedure 11:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> …
>
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b).  Rule 11 further states: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

Here, the record is clear that all requirements of Rule 11 were met and that Petitioner's waiver of his right to file a § 2255 petition was knowing and voluntary.  As an initial matter, in response to the Court's questioning at the plea hearing, Petitioner stated that he was neither forced nor threatened in connection with his decision to enter the plea agreement, and no one had made any promises or offers to Petitioner (other than what was contained in the plea agreement) to induce him to enter into the plea agreement.  Tr. 12:10-18.  Petitioner indicated that he was satisfied with the services of his defense counsel, and Petitioner confirmed his understanding of the parties' agreement that neither party would argue for a sentence outside the range established at Level 22 of the Sentencing Guidelines.  Importantly, the Court specifically discussed with Petitioner the waiver of Petitioner's right to later challenge his sentence:

> The Court:   Do you also understand that so long as I do sentence in accordance with the plea agreement, you've agreed to waive your right to appeal or otherwise challenge your conviction and sentence?
>
> Petitioner:   Yes, sir.
>
> The Court:   Do you realize that ordinarily someone convicted of crime in federal court has an absolute right to appeal and can challenge any deficiencies in the sentencing process?

6

    Petitioner:    Yes, sir.

    The Court:    Have you decided to waive your right to appeal on your own, after having enough time to speak with your lawyer?

    Petitioner:    Yes.

    The Court:    Any other questions about your plea agreement?

    Petitioner:    No, sir.

Tr. 19:18 to 20:6.

At the conclusion of the plea hearing, Petitioner submitted an application to enter his plea pursuant to Federal Rules of Criminal Procedure 11. This application was signed by Petitioner, who certified that the statements contained in the application were truthful. Among other things, this Rule 11 application contained the following statement: "I understand that my plea agreement provides that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case." R. Ex. 6 at ¶38.

The record shows that Petitioner's waiver of his right to file a § 2255 petition was clear and unequivocal. Having reviewed the entirety of the record, including those portions noted above, the Court is satisfied that Petitioner's waiver was knowing and voluntary. Therefore, the Court next considers "whether enforcement [of the waiver] would work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008).

With respect to a petitioner's waiver of his right to appeal, the Third Circuit has determined that "there may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." *Khattak*, 273 F.3d at 562. The guidelines used by the Third Circuit to evaluate if there is a miscarriage of justice include: "the clarity of the error, its gravity, its character (*e.g.,* whether it concerns a fact issue, a sentencing guideline, or a

7

statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563.  Applying the above factors here, the Court finds that no error, and certainly no "unusual circumstance," exists such that enforcement of the waiver will result in a miscarriage of justice.  Consequently, the Court grants Respondent's motion to dismiss and does not reach the substantive issues raised in the petition.

### III.  Conclusion/Certificate of Appealability

For the foregoing reasons, the Court grants Respondent's motion to dismiss Madubuike's petition seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  No certificate of appealability shall issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  An appropriate order accompanies this Opinion.

/s/   Joel A. Pisano
United States District Judge

Date: May 10, 2012